# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Brian B., | Case No. 24-cv-2884 (NEB/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Eric Tollefson and US ICE, | |
| Respondents. | |

Petitioner Brian B. was made subject to a final order of removal from the United States on March 18, 2024. (Dkt. 1 at 4.) Currently, Petitioner is awaiting his removal to Kenya at the Kandiyohi County Jail. (*Id.* at 1.) Petitioner does not believe that the removal to Kenya will happen any time soon, and he has filed a petition for a writ of habeas corpus seeking to be released from jail until the order of removal can be carried out. (*See id.*) The habeas petition is before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] After review, this Court concludes that the habeas petition is premature and therefore recommends denial of the petition without prejudice.

Federal law provides that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days,"

---

[1] The habeas petition is not brought under 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to the petition. *See* Rule 1(b).

beginning usually (as in this case) from the date on which the order of removal becomes administratively final. 8 U.S.C. § 1231(a)(1)(A).[2] This 90-day period is known as the "removal period." *Id.* "During the removal period, the Attorney General shall detain the [noncitizen]." 8 U.S.C. § 1231(a)(2).

Federal law also provides that detention is permissible beyond the removal period where the detainee "is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal . . . ." 8 U.S.C. § 1231(a)(6). Section 1231(a)(6) does not include a specific time limit regarding how long that post–removal period detention may last, but in *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that indefinite detention of non-criminal immigration detainees pending their removal would pose grave constitutional concerns. Accordingly, the Supreme Court interpreted § 1231(a)(6) as including "an implicit 'reasonable time' limitation, the application of which is subject to federal-court review." *Id.* at 682. Under the framework established by *Zadvydas*, "it is presumptively reasonable to keep [a noncitizen] subject to a final removal order in custody for a total of six months." *Bah v. Cangemi*, 489 F. Supp. 2d 905, 916 (D. Minn. 2007) (citing *Zadvydas*, 533 U.S. at 701). Beyond those six months, however, further

---

[2] The U.S. Supreme Court has used "the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Barton v. Barr*, 590 U.S. 222, 226 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

detention of a person awaiting removal from the United States is "presumptively unreasonable, and hence unlawful, unless 'removal is . . . reasonably foreseeable.'" *Id.* (quoting *Zadvydas*, 533 U.S. at 699).

Determining whether ongoing detention beyond the six-month period established by *Zadvydas* amounts to a constitutional violation is fact-intensive and often difficult. The same is not true of claims brought prior to the six-month period established by *Zadvydas* having elapsed. A habeas petitioner must wait until the presumptively reasonable six-month detention period has passed before bringing a habeas petition challenging that detention. *See, e.g.*, *Bah v. Cangemi*, 548 F.3d 680, 684 (8th Cir. 2008) (noting that "[u]nder *Zadvydas* [a noncitizen] **who has been detained for more than six months** can obtain release by showing that there is 'no significant likelihood of removal in the reasonably foreseeable future'" (emphasis added) (quoting *Zadvydas*, 533 U.S. at 701)); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (holding that the presumptively reasonable six-month period "must have expired at the time [the noncitizen's] § 2241 petition was filed in order to state a claim under *Zadvydas*"); *Mehighlovesky v. U.S. Dep't of Homeland Sec.*, No. 12-CV-0902, 2012 WL 6878901, at *2 (D. Minn. Dec. 7, 2012) (explaining that "an action that presents a *Zadvydas* claim will be dismissed as premature, if the action was commenced less than six months after the apposite removal order became final" and even when "post-removal-order detention has exceeded six months by the time the case is decided"); *Keita v. Sabol*, No. 1:CV–11–248, 2011 WL 1375052, at *2 (M.D. Pa. Apr. 12, 2011); *Ba v. Gonzales*, No. 4:07cv307, 2008 WL 2157073, at *2 (N.D. Fla. May 19, 2008); *Fahim v. Ashcroft*, 227 F. Supp. 2d

3

1359, 1363 (N.D. Ga. 2002). The cited cases show that detainees awaiting removal from the United States may not file anticipatory habeas petitions prior to the six-month period having elapsed just in case their detention goes on for too long; instead, they must wait until the presumptively reasonable six-month period has passed to seek habeas relief.

Petitioner became subject to a final order of removal on March 18, 2024.[3] (Dkt. 1 at 4.) He filed his habeas petition on July 22, 2024—that is, only a little over four months after the order of removal had become administratively final. His habeas petition challenging the length of his post–removal order detention therefore is premature and will continue to be premature for several more weeks. Petitioner may return to federal court if his detention does, in fact, extend beyond the presumptively reasonable six-month period established by *Zadvydas* and if he continues to believe at that time that his removal from the United States is not reasonably foreseeable. *See Bah*, 548 F.3d at 685. In the meantime, though, his current habeas petition should be dismissed without prejudice.

---

[3] Petitioner was taken into custody on November 27, 2023, prior to his removal proceedings having become administratively final on March 18, 2024. (Dkt. 1 at 4.) Adding together both pre-removal order and post-removal order detention periods, Petitioner has been detained for more than six months in total. This kind of aggregation, however, is inappropriate, as "pre-removal due process claims are analyzed distinctly from post-removal claims when ascertaining the reasonability of a noncitizen's detention." *Lee S. v. Immigration & Customs Enforcement*, No. 20-CV-1583 (JRT/BRT), 2020 WL 7711344, at *2 (D. Minn. Dec. 29, 2020). "With respect to post-removal detention, which is the situation here, the Court considers the reasonability of a noncitizen's detention through a very specific lens, asking namely 'whether the detention in question exceeds a period reasonably necessary to secure removal.'" *Id.* (quoting *Zadvydas*, 533 U.S. at 699). "[T]his question is not asked until after six months of post-removal detention have passed, as detention during the first six months is presumptively reasonable." *Id.*

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Brian B. (Dkt. 1) be **DENIED WITHOUT PREJUDICE**.

2. This matter be **DISMISSED**.

Dated: July 26, 2024

*s/Elizabeth Cowan Wright*
Elizabeth Cowan Wright
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).